DAVID N. KELLEY
United States Attorney for the
Southern District of New York
By: Ramon E. Reyes, Jr. (RR-5545)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2740
Facsimile: (212) 637-2750



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                   Plaintiff,

        v.

WESTCHESTER COUNTY; WESTCHESTER
COUNTY BOARD OF ELECTIONS;
REGINALD LAFAYETTE, Commissioner of
the Westchester County Board of Elections; and
CAROLEE SUNDERLAND, Commissioner of
the Westchester County Board of Elections,

                   Defendants.
------------------------------------------------------------X

**05 CV 0650**

Judge McMahon

**COMPLAINT**

Civil Action No. _____

       Plaintiff, United States of America (the "United States"), by its attorneys, John Ashcroft, Attorney General of the United States, and David N. Kelley, United States Attorney for the Southern District of New York, alleges for its complaint, as follows:

### NATURE OF THE CASE

       1.    The United States brings this action to enforce Section 203 of the Voting Rights Act of 1965 ("Section 203"), as amended, 42 U.S.C. § 1973aa-1a, 42 U.S.C. § 1973aa-2, and 28 U.S.C. § 2201, to require Defendants to provide limited-English proficient Hispanic citizens in Westchester County, New York with Spanish-language voting materials as required by Section

203, and to enforce Section 302 of the Help America Vote Act of 2002 ("Section 302"), 42 U.S.C. § 15482, and 42 U.S.C. § 15511, to require Defendants to devise and implement a remedial plan to provide to voters the information required under Section 302 of HAVA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973aa-2, and 42 U.S.C. § 15511.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

4. In accordance with the provisions of 42 U.S.C. § 1973aa-2 and 28 U.S.C. § 2284, the first claim for relief, under Section 203, must be heard and determined by a court of three judges. The second claim for relief, under Section 302 of HAVA, may be heard and determined by one judge.

## THE PARTIES

5. Plaintiff is the United States of America.

6. Defendant Westchester County is a political subdivision of the State of New York, organized pursuant to the laws of the State of New York.

7. Defendant Westchester County Board of Elections is a governmental department of Westchester County with the primary responsibility of administering all countywide elections occurring within the County.

8. Defendants Reginald Lafayette and Carolee Sunderland are the Commissioners of the Westchester County Board of Elections. Defendants Lafayette and Sunderland were appointed by the Westchester County Board of Legislators, which is the legislative branch of Westchester County. Defendants Lafayette and Sunderland have responsibilities concerning the administration of voting and elections in Westchester County. Defendants Lafayette and Sunderland are sued in their official capacities.

### FIRST CLAIM FOR RELIEF
### (Section 203 of the Voting Rights Act)

9. Westchester County is covered by Section 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973aa-1a, with respect to the Spanish language. 28 C.F.R. 55, Appendix. The determination by the Director of the Bureau of the Census that the County is a covered political subdivision for Hispanic citizens has been in effect since September 18, 1992.

10. Because Westchester County is subject to the requirements of Section 203, "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that the County provides in English must also be provided in the Spanish language so that Spanish-speaking voters can be effectively informed of and participate effectively in all voting-connected activities. 42 U.S.C. § 1973aa-1a.

11. In conducting elections in Westchester County, Defendants have failed to provide, in the Spanish language, the information and assistance needed by Hispanic citizens of limited-English proficiency to participate effectively in the electoral process, including, but not limited to, the following:

a.  Defendants have failed to recruit, appoint, train, and maintain an adequate pool of bilingual poll officials capable of providing effective language assistance to Hispanic citizens with limited-English proficiency; and

b.  Defendants have failed to translate into Spanish all election-related information, including but not limited to, announcements of election dates, information about voter registration, lists of polling place assignment, poll worker recruitment, notices of general, village and special elections, lists containing the name and residence of every candidate for public office to be voted for within its jurisdiction, and election-related information on the County's website, in particular the web pages for the Board of Elections.

12. Defendants' failure to provide Westchester County's limited-English proficient Hispanic citizens with the election information and assistance necessary for their effective political participation constitutes a violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a.

## SECOND CLAIM FOR RELIEF
### (Section 302 of the Help America Vote Act)

13. In the November 2, 2004 general election for federal office, Defendants failed to comply with Section 302 of the Help America Vote Act by failing to post in each polling place all of the voting information required by 42 U.S.C. § 15482(b).

14. Defendants' actions as described above in Paragraph 13 constitute a violation of Section 302 of the Help America Vote Act, 42 U.S.C. § 15482.

15. Unless enjoined by this Court, Defendants will continue to violate Section 302, by failing to provide to voters the different types of information required under this provision.

## PRAYER FOR RELIEF

Unless enjoined by this Court, Defendants will continue to violate Section 203 of the Voting Rights Act, by failing to provide Westchester County's limited-English proficient Hispanic citizens with the election information and assistance necessary for their effective political participation, and will continue to violate Section 302 of the Help America Vote Act, by failing to provide voters with information required by the statute.

WHEREFORE, Plaintiff United States prays for an order:

(1) Declaring that Defendants have failed to provide Westchester County's limited-English proficient Hispanic citizens with the election information and assistance necessary for their effective political participation, in violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a;

(2) Declaring that Defendants have failed to post all necessary voter information materials at each polling place in violation of Section 302 of the Help America Vote Act, 42 U.S.C. § 15482;

(3) Preliminarily and permanently enjoining Defendants, their agents and successors in office, and all persons acting in concert with them, from failing to provide Westchester County's limited-English proficient Hispanic citizens with the election information and assistance necessary for their effective political participation, in violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a;

(4) Preliminarily and permanently enjoining Defendants, their agents and successors in office, and all persons acting in concert with them, from failing to comply with the voter information requirements of Section 302 of the Help America Vote Act, 42 U.S.C. § 15482;

(5) Requiring Defendants to take such actions as will ensure that Westchester County's limited-English proficient Hispanic citizens are effectively informed of and able to participate effectively in all phases of the electoral process, in compliance with Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a;

(6) Requiring Defendants to to devise and implement a remedial plan to provide to voters the information required under Section 302 of the Help America Vote Act, 42 U.S.C. § 15482;

(7) Requiring Defendants to publicize effectively the remedial plans and programs addressing the Section 203 violations enumerated in this Complaint to ensure their widespread dissemination to Westchester County's limited-English proficient Hispanic citizen voters;

(8) Requiring Defendants to publicize effectively the remedial plans and programs addressing the Section 302 violations enumerated in this Complaint to ensure their widespread dissemination to Westchester County's English-speaking and Spanish-speaking citizen voters;

(9)   Authorizing the appointment of federal examiners for elections held in Westchester County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), through August 7, 2007.

Plaintiff further prays that this Court order such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

JOHN D. ASHCROFT
Attorney General

By: _____
R. ALEXANDER ACOSTA
Assistant Attorney General
Civil Rights Division


DAVID N. KELLEY
United States Attorney

By: _____
RAMON E. REYES, JR. (RR-5545)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2740