McMahon, J.   RR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

        v.

WESTCHESTER COUNTY; WESTCHESTER
COUNTY BOARD OF ELECTIONS;
REGINALD LAFAYETTE, Commissioner of
the Westchester County Board of Elections; and
CAROLEE SUNDERLAND, Commissioner of
the Westchester County Board of Elections,

                Defendants.
-------------------------------------------------------------X



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

05 Civ. 0650 (CM)

## CONSENT DECREE

WHEREAS, this Consent Decree (the "Decree") represents the parties' commitment to ensure that all citizens of Westchester County have an equal opportunity to participate in the electoral process, including Hispanic and Spanish-language citizens;  The County of Westchester intends to fully implement this Consent Decree as part of its ongoing efforts to ensure all voters regardless of race or ethnic origin equal access to the polls; and

WHEREAS, the United States of America (the "United States") filed this action against Westchester County (the "County"), its Board of Elections, and the Commissioners of the Board of Elections (collectively, "Defendants"), pursuant to Section 203 of the Voting Rights Act of 1965 ("Section 203"), as amended, 42 U.S.C. § 1973aa-1a, 42 U.S.C. § 1973aa-2, and 28 U.S.C. § 2201, and pursuant to Section 302 of the Help America Vote Act of 2002 ("Section 302" or "HAVA"), 42 U.S.C. §§ 15482, 15511; and

Copies mailed / handed / faxed to counsel 7 / 19 / 05

USDC SD NY WP
JUL 19 2005
MICROFILM

WHEREAS, Section 203 requires that "[w]henever any . . . [covered] political subdivision . . . provides any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, it shall provide them in the language of the applicable minority group as well as in the English language," 42 U.S.C. 1973aa-1a(c); and

WHEREAS, on September 18, 1992, the County became a covered "political subdivision" subject to Section 203 with respect to the Spanish language, and as such, was required to provide limited-English proficient Hispanic citizens in the County with Spanish-language election information and assistance as required by Section 203; and

WHEREAS, the County's coverage is based on a determination by the Director of the Census that there are more than 10,000 citizens of voting age in the County who are members of a single language minority group (Spanish heritage or Hispanic) who do not speak or understand English well enough to participate effectively in the English-language election process, and the illiteracy rate of these persons as a group is higher than the national illiteracy rate. 57 Fed. Reg. 43, 213 (1992) (codified at 28 C.F.R. 55, App.); 67 Fed. Reg. 48,871 (July 26, 2002); and

WHEREAS, the United States alleges that Defendants violated Section 203 by failing to translate written election materials and information into Spanish and by failing to provide for an adequate number of bilingual poll workers trained to assist Spanish-speaking voters on election day; and

WHEREAS, claims under Section 203 must be heard and determined by a court of three judges pursuant to 42 U.S.C. § 1973aa-2 and 28 U.S.C. § 2284; and

WHEREAS, Section 302 requires, *inter alia*, that all jurisdictions (1) permit individuals who declare that they are registered voters in the jurisdiction in which the individuals desire to vote and that they are eligible to vote in an election for Federal office but whose names do not appear on the official list of eligible voters in a particular polling place or whose eligibility is questioned by an election official, to cast a provisional ballot, and (2) provide written information to voters who cast provisional ballots on how they are able to ascertain whether their vote was counted, and if the vote was not counted, the reason the vote was not counted, 42 U.S.C. § 15482(a)(5)(A); and (3) post in each polling place certain voting information, including but not limited to instructions on how to cast a vote and a provisional ballot, information regarding the date of the election and hours during which polling places will be open, and general information on voting rights under applicable Federal and state law, 42 U.S.C. § 15482(b); and

WHEREAS, the United States alleges that Defendants, or those acting on behalf of Defendants, violated Section 302 by failing to post in each and every polling place throughout the County all the signs and information specifically required by Section 302(b) of HAVA, 42 U.S.C. § 15482(b), and by refusing to permit some voters to cast provisional ballots as required by Section 302(a) of HAVA, 42 U.S.C. § 15482(a); and

WHEREAS, claims under Section 302 must be heard and determined by a court of one judge pursuant to 42 U.S.C. § 15511 and 28 U.S.C. § 2284; and

WHEREAS, the parties acknowledge that the electoral process in the County is not centralized and that election day workers, such as election inspectors, poll clerks and coordinators, are hired from lists of individuals recommended by the respective Republican and Democrat local committees and paid for by the local municipalities; and

WHEREAS, by entering into this Decree, Defendants are not making any admission of liability on any claim in this case. Accordingly, this Decree shall not be construed as or represented to be evidence of an admission that Defendants presently or in the past have failed to provide the registration or voting notices, forms, instructions, or assistance, or other material or information relating to the electoral process required by federal and state law and/or regulations; and

WHEREAS, the parties have agreed that this lawsuit should be resolved through the terms of this Decree, hereby waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter, and consent to the entry of this Decree.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that:

## I.   Injunction

1.      Defendants, their agents, employees, contractors, successors, and all other persons acting on behalf of the Defendants shall comply with Section 203 of the Voting Rights Act and provide in Spanish any "registration or voting notices, forms, instructions, assistance or other materials or information relating to the electoral process, including ballots" that they provide in English in all elections and stages of the electoral process which are the responsibility of the County to conduct and administer under applicable provisions of the New York Election Law.

2.      Defendants, their agents, employees, contractors, successors, and all other persons acting on behalf of the Defendants shall comply with all aspects of Section 302 of HAVA, and, *inter alia* (1) permit individuals who declare that they are registered voters in the jurisdiction in which the individuals desire to vote and that they are eligible to vote in an election

for Federal office but whose names do not appear on the official list of eligible voters in a particular polling place or whose eligibility is questioned by an election official, to cast a provisional ballot; (2) provide written information to voters who cast provisional ballots on how they are able to ascertain whether their vote was counted, and if the vote was not counted, the reason the vote was not counted; and (3) post in each polling place all information required by 42 U.S.C. § 15482(b).

## II.    Translation of Election-Related Materials

3.    Defendants shall ensure that all information that is provided by the County in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 42 U.S.C. § 1973aa-1a(c), shall also be provided in Spanish. Defendants shall ensure that both English and Spanish language election information, materials, and announcements provided by the County are made equally available.

4.    Defendants shall employ trained and/or certified translators who are familiar with Spanish-language election terminology to produce all written translations, clearly, accurately, and completely to the extent that translations have not already been performed or made available to the County by New York State. *See* 28 C.F.R. §55.19(b). Defendants shall provide effective translations that meet the needs of the Hispanic community in the County. Written translations shall be in the form of Spanish that is used most widely by the County's voting-age Limited English Proficient Hispanic citizens. The parties recognize the value in having uniform translation and terminology of materials throughout the State.

5.    Defendants shall adopt a checklist identifying each Spanish-language and bilingual material they make available to the public at each polling place. Defendants, in their commitment to comply with HAVA shall include in the checklist all information required to be posted in polling sites by all applicable provisions of HAVA. The checklist shall include with respect to each item an attestation that these Spanish-language or bilingual materials were posted or made available to voters at all polling places, or a detailed written explanation of why individual items had not been posted or were not available. The County will advise the local municipalities that the inspectors for each polling place must complete and sign the checklist before the inspector receives payment for work in the election, subject to applicable state and federal law. Defendants shall maintain a record of each such failure to complete and sign the checklist.

**III.    Dissemination of Spanish-Language Information**

6.    Defendants shall ensure that election information, materials, and announcements that are published by the County in newspapers and/or other media in English are provided to the same extent in Spanish. Such Spanish-language information shall be distributed in newspapers and/or other media that exclusively or regularly publish or broadcast information in Spanish. Such Spanish-language announcements need not be identical in all respect to English-language announcements, but shall be in the form, frequency, and media best calculated to achieve notice and understanding equal to that provided to the English-speaking population and to provide substantially the same information.

7.    Any new voting system adopted by the County shall offer a bilingual ballot or offer Spanish-speaking voters the readily apparent option of a Spanish ballot, and any audio

6

version of the ballot on such machines shall be available in English and Spanish. Defendants shall not be required to purchase new voting machines or to establish a new voting system solely to comply with this provision, but shall, in the event of any change to a new voting system or device, ensure that a fully translated bilingual Spanish-English ballot be accommodated.

IV.    **Spanish-Language Assistance**

8.    Defendants shall provide Spanish-language assistance, including but not limited to trained bilingual (Spanish/English) election personnel, at all locations where election-related transactions are conducted by the County. Such election personnel need not be required to be physically present at all locations except as provided in paragraph 12 below.   The bilingual election personnel shall be made available to answer voting-related questions by telephone without cost while the polls are open on election days. Defendants shall provide and/or post information in each polling place describing the availability of telephone assistance. Defendants shall use their best efforts to ensure that a working telephone line (land-based or cellular) is available for voter use without cost to the voter in each polling place, or that a working public telephone is available within close proximity to each polling place.

9.    Defendants shall use their best efforts to recruit, hire, and assign trained bilingual poll workers who are able to understand, speak, read, and write Spanish fluently to provide assistance to Spanish-speaking voters at the polls on election days for all County-administered elections.

10.    To the extent it is not in conflict with the County's rights and obligations under its collective bargaining agreements with its employees, the County shall survey its employees to identify personnel who speak Spanish fluently and, to the extent such employees can be made

7

available to provide assistance, allow and encourage such employees to serve as poll workers at the polls on election day.

11.     As part of its obligation to ensure that entities on whose behalf the County conducts elections are fully compliant with Section 203 in its elections, the County shall request that each entity for which it conducts elections perform similar surveys of its employees to the extent such surveys and/or service do not conflict with each such entity's rights and obligations under its collective bargaining agreements with its employees; and the County shall request from such entities and maintain copies of all election-related materials and information created or disseminated by such entities for each election.  The County shall advise counsel for the United States of any entity that does not participate fully.  The County shall also invite eligible members of the Advisory Group, discussed below, to serve as poll officials and to encourage other bilingual voters to do so.

12.     Defendants shall ensure for all County-administered elections that:

a.      at each and every polling place in the County in which there are 100-249 registered voters with Spanish surnames there shall be staffed at least one poll official bilingual in Spanish and English;

b.      at each and every polling place in the County in which there are 250-499 registered voters with Spanish surnames, there shall be staffed at least two poll officials bilingual in Spanish and English;

c.      at each and every polling place in the County in which there are 500 or more registered voters with Spanish surnames there shall be staffed at least three poll officials bilingual in Spanish and English.

The parties may by written agreement adjust these requirements in light of confirmed information that the actual language need in a particular polling place is lesser or greater than these standards.

13.     If, despite Defendants' best efforts, the County is unable to secure and assign the requisite number of bilingual poll officials as required in paragraph 12, the County shall recruit and secure bilingual translators to satisfy the numeric requirements for bilingual poll workers provided in this Decree.  Any such bilingual translators shall be secured and fully trained to provide language assistance throughout the voting process at all polling places to limited-English proficient Hispanic voters and may be utilized in addition to, rather than in place of, the full complement of poll officials ordinarily assigned by Defendants.

14.     Notwithstanding any contrary provision in the New York State Election Law, defendants shall employ bilingual personnel, trained in Spanish-language election terminology, who have agreed to be on call and available to travel to a polling place not staffed by a bilingual poll worker to provide any necessary assistance to any Spanish-speaking voter.

15.     Defendants shall ensure that signs in both English and Spanish will be posted prominently at polling places stating that Spanish-language assistance is available.  At sites without bilingual staff, signs in both English and Spanish shall be posted that explain how voters can obtain Spanish-language assistance.

## VI.    Election Officials Training

16.     Prior to each County-administered election, as part of or in addition to any required state or county training, Defendants shall train all poll officials and other election personnel present at the polls regarding the following:

a.      the provisions of Section 203 of the Voting Rights Act, including the legal

obligation and means to make Spanish-language assistance and materials available to voters; and

b.      the requirement that poll officials be respectful and courteous to all voters

regardless of race, ethnicity, color, or language abilities and to avoid inappropriate comments;

and

c.      the provisions of Section 302 of the Help America Vote Act, as they apply

to elections for Federal office.

17.     In addition to the general training for poll officials, Defendants shall train all

bilingual poll officials on Spanish-language election terminology, voting instructions, and other

election-related issues.

18.     Defendants shall maintain a record of which poll officials attend training sessions,

including the time, location, and training personnel involved.

## VII.   Program Coordinator(s)

19.     Defendants shall assign one or two employees to act as Spanish Language

Assistance Coordinator(s) ("the Coordinator(s)") to assist in carrying out the Defendants'

obligations under this Decree.  The Coordinator(s) shall be able to understand, speak, write, and

read fluently both Spanish and English.

20.     Defendants shall provide the Coordinator(s) with transportation and other support

sufficient to meet the goals of the program in accordance with County employee policy.

21.     The Coordinator(s) shall be trained by the Commissioners of the Westchester

County Board of Elections and/or their designees in all aspects of the voting and registration

process, and the Defendants' obligations under this Decree. The Coordinator(s) shall work under the supervision of and report directly to the Commissioners of the County Board of Elections.

22.    Under the general supervision of the Commissioners of the Board of Elections, the Coordinators' responsibilities shall include coordination of translation of ballots and other election information; development of a Spanish election glossary to ensure uniform use of election terminology in Spanish; development and/or oversight of Spanish publicity programs; recruitment and assessment of Spanish-language proficiency of bilingual poll officials and interpreters; and managing other aspects of the program.

## VIII.    Advisory Group

23.    Defendants shall establish an Advisory Group, not to exceed six (6) members, to be chaired by the Coordinator(s), to assist and inform the bilingual program.

24.    The Coordinator(s) shall invite participation from all interested individuals and organizations that work with or serve the Spanish-speaking community in Westchester County, to determine how most effectively to provide election materials, information, and assistance to Spanish-speaking voters.

25.    The Advisory Group shall meet at least quarterly in 2005-2007. The Coordinator(s) shall provide notice of all planned meetings to each member, including the time, location, and agenda for the meeting, at least 14 days in advance, although the members of the Advisory Group may waive or shorten this time period as necessary.

26.    Within five business days following each meeting, the Coordinator(s) shall provide a written summary to all members and to the Commissioners of the County Board of Elections of the discussion and any decisions reached at the meeting.

27.     If the Commissioners of the County Board of Elections decide not to implement an Advisory Group suggestion or a consensus cannot be reach respecting such suggestion, they shall provide to the group and maintain on file a written statement of the reasons for rejecting such suggestion.

28.     The County shall provide to all interested members of the Advisory Group copies, in English and Spanish, of all election information, announcements, and notices that are provided to the electorate and general public and request that they share these materials with their members.

## IX.    Response to Complaints About Poll Workers

29.     The Commissioners of the Westchester County Board of Elections and/or their designee(s) shall investigate expeditiously any complaint, whether oral or written, by any voter alleging hostility by any poll worker toward any Spanish-speaking and/or Hispanic voters in any election.  The content of such complaints and the results of the investigation(s) conducted by the Defendants shall be promptly reported to the United States.  Where there is credible evidence that any poll worker has engaged in inappropriate treatment of Spanish-speaking and/or Hispanic voters, Defendants shall not appoint the poll worker to work in the future.

## X.    Information Required Under the Help America Vote Act

30.     Defendants shall comply will all applicable provisions of HAVA.

31.     All information required to be posted in polling sites by Section 302 of HAVA shall be posted at all polling sites and shall be in English and Spanish.  This information includes, but is not limited to, written information given to the voter casting a provisional ballot on how they may ascertain if their provisional ballot was counted, and if not, the reason the ballot

was not counted, *see* 42 U.S.C. § 15482(a)(5)(A), and the six categories of information required to be posted under 42 U.S.C. § 15482(b). For example, Defendants must post in each polling location a sample version of the ballot in English and in Spanish that will be used for that election. *See* 42 U.S.C. § 15482(b)(2)(A).

32.     Defendants shall provide a free access system for informing voters about whether their provisional ballot has been counted, and if it has been rejected, the reason for the rejection. The information on this system shall be available to each provisional voter in both English and Spanish. See 42 U.S.C. § 15482(a)(5)(B).

## XI.     Federal Examiners and Observers

33.     To monitor compliance with and ensure effectiveness of this Decree, the appointment of a federal examiner is authorized for the County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), through August 7, 2007, or to a date thereafter should this Decree be extended.

34.     Defendants shall recognize the authority of federal observers to observe all aspects of voting conducted in the polls on election day, including the authority to view County personnel at all polling places providing assistance to voters during voting, except where the voter objects.

35.     The United States will give timely notice of its intent to monitor a particular election.

36.     The United States personnel will be permitted into each and every polling place for the purpose of observing the election process; such personnel shall not seek to interfere in any way with the conduct of the elections.

## XII.   Evaluation of Plan

37.     The parties recognize that regular and ongoing reassessment may be necessary to provide the Spanish-language minority voters with equal access to all phases of the electoral process.  Defendants shall evaluate the Section 203 bilingual assistance program after each election to determine which aspects of the program are functioning well; whether any aspects need improvement; and how to affect needed improvements.  The program may be adjusted at any time upon joint written agreement of the parties.

## XIII.   Retention of Documents and Reporting Requirements

38.     During the duration of this Decree, the County shall make available to the United States upon request and identification all documents concerning the County's Section 203 bilingual assistance program and all written records of all actions taken pursuant to this Decree.

39.     During the duration of this Decree, at least ten (10) days before each County-administered election held in the County, Defendants shall provide the following to counsel for the United States:

a.     the name, address, and election district designation of each polling place;

b.     the name and title of each poll official appointed and assigned to serve at each polling place;

c.     a designation of whether each poll official is bilingual in English and Spanish;

d.     copies of any signs or other written information provided at polling places or given to voters to comply with Section 203 and Section 302 of HAVA; and

e.     an electronic copy of the voter registration list to be used in such elections.

40.     Within sixty (60) days after each County-administered election, Defendants shall provide to counsel for the United States any updated report regarding changes in the items referenced in paragraph 39 that occurred at the election, and provide information about all complaints the County received at the election regarding language or assistance issues.

## XIV.  General Provisions

41.     The terms of this Decree apply to all federal, state, and local elections administered by the County, including County-run elections for city and all other political subdivisions of the County.

42.     Whenever Defendants enter into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, Defendants shall require such other entity to agree to abide by the terms of this Decree as if such entity were a party to this Decree with the United States, and consistent with the responsibility of each such entity to comply fully with Section 203 and Section 302 of HAVA.

43.     This Decree is binding upon the parties, by and through their officials, agents, employees, and successors in office.

44.     This Decree shall remain in effect through August 7, 2007; provided that upon motion made by the United States within thirty days of that date, the Decree shall be extended until December 31, 2008 for good cause shown.

45.     The Court shall retain jurisdiction of this case for the term of the Decree to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement, to resolve any disputes that may occur during the term of this Decree, and to ensure compliance with Section 203 of the Voting Rights Act and Section 302 of HAVA.

46.     Each party shall bear its own costs and fees.

Agreed to this _14_ day of _June_, 2005          For Plaintiff:

UNITED STATES OF AMERICA

JOHN D. ASHCROFT
Attorney General

By:

R. ALEXANDER ACOSTA
Assistant Attorney General
Civil Rights Division

DAVID N. KELLEY
United States Attorney

By:

RAMON E. REYES, JR.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2740

Agreed to this 19th day of January 2005          For Defendants:

By: 

CHARLENE M. INDELICATO
Westchester County Attorney
County of Westchester, Department of L
148 Martine Avenue
White Plains, New York 10601
(914) 995-2696

JUL 14

## JUDGMENT AND ORDER

This three-judge Court, having been properly empaneled under 28 U.S.C. § 2284 to consider the United States' claim under Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a, and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree set forth above, and incorporates those terms herein.

ENTERED and ORDERED this 14 day of July, 2005.

_____
UNITED STATES CIRCUIT JUDGE

_____
UNITED STATES DISTRICT JUDGE

_____
UNITED STATES DISTRICT JUDGE

## JUDGMENT AND ORDER

This Court, having determined that it has jurisdiction over the United States' claim under

Section 302 of the Help America Vote Act, 42 U.S.C. §§ 15482, 15511 and 28 U.S.C. § 1345,

has considered the terms of the Consent Decree set forth above, and incorporates those terms

herein.

**ENTERED and ORDERED** this _15_ day of _July_ , 2005.

_____
UNITED STATES DISTRICT JUDGE