

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

-v-

WESTCHESTER COUNTY; WESTCHESTER
COUNTY BOARD OF ELECTIONS;
COMMISSIONER REGINALD LAFAYETTE,
Commissioner of the Westchester County Board of
Elections; and COMMISSIONER CAROLEE
SUNDERLAND, Commissioner of the Westchester
County Board of Elections,
                        Defendants.

Case No. 05 Civ. 650

OPINION AND ORDER

08,0001 WP

---

Appearances:

David Kennedy, Esq.
Timothy Mellett, Esq.
New York, New York
*Counsel for Plaintiff United States of America*

Carol Arcuri, Esq.
White Plains, New York
*Counsel for Defendants Westchester County, Westchester County Board of Elections,
Commissioner Reginald Lafayette, and Commissioner Carolee Sunderland*

PER CURIAM

       On July 19, 2005, Westchester County entered into a Consent Decree with the United

States Department of Justice ("DOJ"). The Consent Decree was negotiated in response to

Government allegations that Westchester County had violated certain provisions of the Voting

Rights Act ("VRA"), *see* 42 U.S.C. §§ 1973aa-1a, 1973aa-2, and the Help America Vote Act

("HAVA"), *see* 42 U.S.C. §§ 15482, 15511.[1] In particular, the Consent Decree addressed allegations that Westchester County had failed to comply with the provisions of the VRA that mandate language accommodations for non-English speaking citizens. *See* 42 U.S.C. §§ 1973aa-1a. Among other things, the Consent Decree permitted DOJ to monitor elections throughout Westchester County.

The Consent Decree remained in effect until August 7, 2007 – the exact date that the relevant provisions of the VRA were set to expire. This end date permitted DOJ to monitor only one full election cycle (2006), not the two election cycles commonly covered by Consent Decrees of this type. The Parties recognized this limitation, however, and clearly contemplated a potential extension to the agreement in the event that the expiration date of the VRA was amended by Congress. Specifically, the Consent Decree permitted the Government to seek an extension of the agreement beyond the 2008 general election for "good cause shown." (Consent Decree ¶ 44 ("[U]pon motion made by the United States within thirty days of [August 7, 2007], the Decree shall be extended until December 31, 2008 for good cause shown.").) Such an extension would permit DOJ to review another full election cycle, which would include both the primaries and general election in a presidential election year.

On July 26, 2007, Congress extended the expiration date of the VRA to August 6, 2032, enabling a potential extension of the Consent Decree. The Government subsequently exercised

---

[1] The Consent Decree settled allegations made by the Government under both the VRA and the HAVA. Unlike claims under the VRA, claims under HAVA are heard and determined by a single district judge, not a three judge panel. *See* 42 U.S.C. § 15511. To the extent that this decision implicates claims which must be decided by the district judge assigned to the case, Judge Karas, to whom the HAVA case is assigned, finds that this Order and Opinion applies to the Government's HAVA claims as well.

its option to extend the Decree, arguing that continuing violations of the agreement documented by their election monitors satisfied the "good cause" standard.

The record before the Court demonstrates that Westchester County has made notable progress in the years since the Consent Decree was entered. However, while Westchester County has made marked improvements in complying with the provisions of the VRA and HAVA, the Government has successfully met its burden of showing "good cause" for an extension of the Consent Decree, based on demonstrable examples of non-compliance with the VRA and HAVA, and the need to monitor Westchester County's compliance for two full general election cycles. Therefore, the Court grants the Government's request to extend the Consent Decree until December 31, 2008.

SO ORDERED.

Dated: December 31, 2007
New York, New York

_____
BARRINGTON D. PARKER
UNITED STATES CIRCUIT JUDGE

_____
JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List:

David Kennedy, Esq.
Timothy Mellett, Esq.
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, NY 10007
(212) 637-2200
Fax: (212) 637-2730
*Counsel for Plaintiff United States of America*

Carol Arcuri, Esq.
Westchester County Attorney's Office
148 Martine Avenue, Room 600
White Plains, NY 10601
(914) 995-2696
Fax: (914) 995-3132
*Counsel for Defendants Westchester County, Westchester County Board of Elections, Commissioner Reginald Lafayette, and Commissioner Carolee Sunderland*